IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-04-277 (2) |
| | § | |
| SABY MORENO, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR RECORD**
**AND TRANSCRIPTS AT GOVERNMENT EXPENSE**

Pending before the Court is a "Motion for Production of Copy of Record," filed by Defendant Saby Moreno ("Defendant" or "Moreno") and received by the Clerk on July 25, 2007. (D.E. 219.) In it, Defendant requests that the Court provide her with a free copy of the record and file in this case, including copies of all transcripts. (D.E. 219 at 1-2.) She asserts that she is indigent and unable to obtain the copies at her own expense. She further explains that she needs the documents and records in order to prepare a motion pursuant to 28 U.S.C. § 2255.

Assuming that Defendant could establish that she is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

---

[1] Defendant has not yet submitted an affidavit of indigency, nor any financial information concerning her prison account or financial condition. Because the Court resolves her motion on other grounds, it does not need determine at this time as to whether Defendant is, in fact, indigent.

Defendant was sentenced on April 1, 2005. (D.E. 132). Judgment of conviction was entered against her on April 11, 2005. (D.E. 135). Defendant timely appealed, and the Fifth Circuit affirmed her conviction and sentence in a per curiam opinion issued on May 4, 2007. (D.E. 216.) According to the Fifth Circuit's docket, she has not filed a petition for writ of certiorari, although her deadline for doing so has expired. (See generally docket in United States v. Moreno, No. 05-40560 (5th Cir.).) Thus, Moreno has no active proceedings seeking direct review of her conviction or sentence.

Similarly, Moreno has not yet filed any post-conviction motions with this Court. Although she claims to need a copy of the record and transcripts in order to file a § 2255 motion, no such motion has yet been filed. Accordingly, she fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Defendant is seeking documents and transcripts at government expense, her motion is DENIED WITHOUT PREJUDICE. In the event that she files a § 2255 motion, she may then request again copies of specific documents or transcripts.

The undersigned further notes that Defendant is not precluded from filing a § 2255 motion merely because she does not have transcripts or the record from her case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts or other documents.

If Defendant is interested in receiving specific transcripts or documents at her own expense prior to filing her § 2255 motion, she may contact the Clerk to request them. To that end, the Clerk is directed to provide Defendant with a copy of the docket sheet in her case, as well as instructions as to how to order copies of transcripts or to purchase copies of records.

For the foregoing reasons, Defendant's motion for free copies of the record and transcripts in her case is DENIED WITHOUT PREJUDICE.

ORDERED this 30th day of August, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE