IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-04-277 (2) |
| | § | |
| SABY MORENO. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR REDUCTION IN SENTENCE**

Pending before the Court is Saby Moreno's ("Moreno") motion for a modification of her sentence, which was received by the Clerk on April 2, 2008. (D.E. 224.) For the reasons set forth herein, Moreno is not entitled to the relief she seeks. In short, the recent amendments to the sentencing guidelines upon which she relies do not entitle her to relief. The first amendment, although retroactive, would not result in a lower offense level or lower sentence for Moreno. That amendment lowered the offense level for certain offenses involving cocaine base (or "crack cocaine"), but she was not sentenced, in whole or in part, based on crack cocaine. The second amendment is not retroactive and so Moreno cannot utilize it to seek resentencing.

For these reasons, discussed in more detail below, the Court DENIES Moreno's motion.

**I. BACKGROUND**

On June 9, 2004, Moreno was charged in a two-count indictment with: (1) conspiracy

1

to possess with intent to distribute more than five kilograms of cocaine ("Count One"); and (2) conspiracy to launder money ("Count Two").  (D.E. 1).  She pleaded not guilty and proceeded to a jury trial.  (D.E. 41, 89-97.)  A guilty verdict was returned on both counts on September 22, 2004.  (D.E. 98.)

Moreno was sentenced on April 1, 2005 and judgment was entered against her on April 11, 2005. (D.E. 132, 135).  She timely appealed, and the Fifth Circuit affirmed her conviction and sentence in a per curiam opinion issued on May 4, 2007.  (D.E. 216.) According to the Fifth Circuit's docket, she has not filed a petition for writ of certiorari, although her deadline for doing so has expired.  (See generally docket in United States v. Moreno, No. 05-40560 (5th Cir.).)  Thus, her conviction is final.

The Clerk received the instant motion from Moreno on April 2, 2008. (D.E. 224.)

## II.  MOVANT'S ALLEGATIONS

In the title of her motion, Moreno indicates that she is seeking relief based on both "Amendment 9" and "Amendment 12," to the United States Sentencing Guidelines ("U.S.S.G.").  She brings her motion pursuant to 18 U.S.C. § 3582(c)(2).  (D.E. 224 at 2, 3.)  She argues that she should be resentenced based on these two guideline amendments. Specifically, she claims that Amendment 9 should result in a reduction in her offense level by two levels and that she should obtain an unspecified "further reduction" in her sentence as a result of Amendment 12.   She also points out that the sentencing guidelines are advisory, rather than mandatory, relying on United States v. Booker, 543 U.S. 220 (2005).

2

She thus asks that she be resentenced under an advisory guideline range.

## III.  DISCUSSION

### A.    18 U.S.C. § 3582(c)(2)

The statute pursuant to which Moreno seeks relief, 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the federal sentencing guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  The pertinent policy statement is set forth at U.S.S.G. § 1B1.10. This provision lists the amendments to the Guidelines that are eligible for retroactive effect. U.S.S.G. § 1B1.10(c).  If an amendment is not listed in that section, a retroactive  reduction in sentence is not authorized. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996).[1]

As noted, Moreno requests relief pursuant to two amendments.  Each is discussed separately below.

### B.    Claim for Relief Pursuant to Amendment 706

The first amendment, which Moreno refers to as "Amendment 9," is an apparent reference to Amendment 706 to the United States Sentencing Guidelines, which went into

---

[1]  Even where an amendment can be applied retroactively, whether to reduce a sentence is left to the sound discretion of the trial court.  Boe, 117 F.3d at 831; United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

effect on November 1, 2007.  Amendment 706 reduces the offense level for sentences related to cocaine base, i.e., "crack cocaine," in certain circumstances.  It was designed to reduce the "unwarranted disparity" between sentences for crack and sentences for powder cocaine.  See Press Release, U.S. Sentencing Commission, "U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007) (*available* at http://www.ussc.gov/PRESS/rel121107.htm).

From the Court's review of the record and, in particular, Moreno's Presentence Investigation Report ("PSR"), it is evident that Moreno is not entitled to relief under Amendment 706.  Moreno  was convicted after a jury trial of both counts of the indictment: (1) conspiracy to possess with intent to distribute more than 5 kilograms of cocaine; and (2) conspiracy to launder money.  (See PSR at p. 1 & ¶¶ 1-2.)  There was no relevant conduct in her case that stemmed from crack cocaine or cocaine base.  Instead, all of the drugs involved in the offense were either cocaine or marijuana, and Moreno was held responsible only for less than 15 kilograms of cocaine  (See PSR at ¶¶ 5, 14, 22.)  Indeed, there is no mention of cocaine base or crack cocaine at all in Moreno's PSR.    Accordingly, Amendment 706 is inapplicable in her case because it would not alter her offense level or guideline range.  See U.S.S.G. § 1B1.10(a)(2)(A)-(B) (a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized if "none of the amendments listed in subsection (c) is applicable to the defendant" or if a listed amendment  "does not have the effect of lowering the defendant's applicable guideline range.")  Thus, Moreno is not eligible for

4

resentencing nor entitled to a reduction in sentence based on Amendment 706.

**C.      Claim for Relief Pursuant to Amendment 709**

Moreno's second request for a reduction in her sentence relies on what she refers to as Amendment 12, which is an apparent reference to Amendment 709.  Amendment 709 modified U.S.S.G. § 4A1.2 regarding the method for computing a defendant's criminal history.  It was one of a number of amendments which became effective on November 1, 2007, long after Moreno was sentenced.

Amendment 709 does not entitle Moreno to relief because it is not retroactive.  As noted, this Court may reduce Moreno's term of imprisonment under § 3582(c)(2) if she was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, but only if the applicable amendment is listed in U.S.S.G. § 1B1.10(c) as eligible for retroactive effect.  <u>See</u> U.S.S.G. § 1B1.10; 18 U.S.C. § 3582(c)(2); <u>Boe</u>, 117 F.3d at 831; <u>Drath</u>, 89 F.3d at 218.

Amendment 709 is not included in U.S.S.G. § 1B1.10(c) as an amendment to be applied retroactively; therefore, it is not retroactive.  Other courts that have addressed the issue have reached the same conclusion.  <u>See, e.g.</u>, <u>United States v. Cofield</u>, 2007 WL 4532938, *1   (4th Cir. Dec. 26, 2007) (unpublished) (Amendment 709 is not retroactive); <u>United States v. Wilson</u>, 2008 WL 544973, *1 (D. Minn. Feb. 26, 2008) (collecting authority and noting that "[a]lthough Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that

5

the Amendment is not retroactively applicable").

Additionally, the Court notes that Moreno did not have any prior convictions or arrests, and thus had 0 criminal history points and a criminal history category of I. Accordingly, even if Amendment 709 could be applied retroactively, no change in her criminal history category or guideline range would result.

For all of the foregoing reasons, Moreno's request for a reduced sentence pursuant to Guideline Amendment 709 is without merit.

## IV.  CONCLUSION

For the above-stated reasons, Moreno's motion to reduce her sentence (D.E. 224) is DENIED.

It is so ORDERED this 8th day of May, 2008.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE